# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GLEN PATRICK ANTHONY,

        Defendant-Appellant.

UNPUBLISHED
August 2, 2016

No. 326692
Wayne Circuit Court
LC No. 09-019855-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GLEN PATRICK ANTHONY,

        Defendant-Appellant.

No. 326693
Wayne Circuit Court
LC No. 09-019858-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GLEN PATRICK ANTHONY,

        Defendant-Appellant.

No. 326694
Wayne Circuit Court
LC No. 09-019866-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GLEN PATRICK ANTHONY,

No. 326695
Wayne Circuit Court
LC No. 09-020264-FC

Defendant-Appellant.

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No.  326696
Wayne Circuit Court
LC No.  10-000980-FC

GLEN PATRICK ANTHONY,

Defendant-Appellant.

---

Before:  SHAPIRO, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

This Court granted defendant's delayed applications for leave to appeal his sentences in five separate cases, which were imposed on resentencing following a series of prior appeals. We remand for further inquiry of defendant's sentences consistent with *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

## I.  PROCEDURAL HISTORY

In 2010, defendant was convicted of 35 total charges, arising from five cases that were prosecuted in two separate jury trials. Defendant was convicted of the following offenses:

First Jury Trial

LC No. 09-020264-FC:  kidnapping, MCL 750.349, four counts of first-degree criminal sexual conduct (CSC), MCL 750.520b, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

LC No. 10-000980-FC:  kidnapping, armed robbery, MCL 750.529, four counts of first-degree CSC, felon in possession of a firearm, and felony-firearm.

Second Jury Trial

LC No. 09-019858-FC:  two counts of armed robbery, kidnapping, five counts of first-degree CSC, second-degree CSC, MCL 750.520c, felon in possession of a firearm, and felony-firearm.

LC No. 09-019866-FC:  armed robbery, kidnapping, three counts of first-degree CSC, felon in possession of a firearm, and felony-firearm.

LC No. 09-019855-FC: kidnapping and assault with intent to do great bodily harm less than murder, MCL 750.84.

In a series of prior consolidated appeals, this Court affirmed defendant's convictions, but vacated his sentences and remanded for resentencing to correct a number of sentencing errors. *People v Anthony*, unpublished opinion per curiam of the Court of Appeals, issued June 11, 2013 (Docket Nos. 300212, 300264, 308204, 308205, and 308212), lv den 495 Mich 1004 (2014).

On remand, the trial court resentenced defendant as a fourth-offense habitual offender, MCL 769.12, to the following prison terms:

LC No. 09-019855-FC: 40 to 70 years for the kidnapping conviction and 5 to 10 years for the assault conviction, to be served consecutively.

LC No. 09-019858-FC: life imprisonment for each armed robbery conviction and the kidnapping conviction, 70 to 120 years for each first-degree CSC conviction, 20 to 30 years for the second-degree CSC conviction, two to five years for the felon-in-possession conviction, and two years for the felony-firearm conviction, all sentences to be served consecutively.

LC No. 09-019866-FC: life imprisonment for the armed robbery and kidnapping convictions, 70 to 120 years for each first-degree CSC conviction, two to five years for the felon-in-possession conviction, and two years for the felony-firearm conviction, all sentences to be served consecutively.

LC No. 09-020264-FC: life imprisonment for the kidnapping conviction, 70 to 120 years for each first-degree CSC conviction, two to five years for the felon-in-possession conviction, and two years for the felony-firearm conviction, all sentences to be served consecutively.

LC No. 10-000980-FC: life imprisonment for the armed robbery and kidnapping convictions, 70 to 120 years for each first-degree CSC conviction, two to five years for the felon-in-possession conviction, and two years for the felony-firearm conviction, all sentences to be served consecutively.

## II. JUDICIAL FACT-FINDING

In his sole issue on appeal, defendant argues that he is entitled to resentencing in each of the five cases because the trial court engaged in judicial fact-finding to score the sentencing guidelines, in violation of *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), and *Lockridge*, 498 Mich 358, which thereby violated his rights under the Sixth Amendment. We agree that remand for further inquiry of defendant's sentences is appropriate.

Whether a defendant's sentence violates the Sixth Amendment presents a question of law that this Court reviews de novo. *Id.* at 373. In *Lockridge*, 498 Mich at 364, our Supreme Court held that "the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne*, 570 US ___, applies to Michigan's sentencing guidelines and renders them constitutionally deficient," in violation of the Sixth Amendment, to the extent that

they "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . " To remedy this violation, the Court severed MCL 769.34(2) to the extent that it makes a sentencing guidelines range based on judge-found facts mandatory, and held that a guidelines range calculated in violation of *Apprendi* and *Alleyne* is advisory only. *Lockridge*, 498 Mich at 364-365.

In *Lockridge*, the Court explained that if the facts "admitted by a defendant or found by the jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced[,] . . . an unconstitutional constraint [will have] actually impaired the defendant's Sixth Amendment right." *Id.* at 395. The Court further held that "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error. *Id.* at 397. This remand procedure was modeled on the procedure adopted in *United States v Crosby*, 397 F3d 103 (CA 2, 2005). *Lockridge*, 498 Mich at 395-396.

*Lockridge* involved an unpreserved error subject to review for plain error affecting substantial rights, whereas defendant preserved his claims of error under *Alleyne* by specifically raising an *Alleyne* challenge at resentencing. Following *Lockridge*, this Court has addressed preserved claims of sentencing error and held that a preserved *Alleyne/Lockridge* error must be reviewed to determine if it qualifies as harmless beyond a reasonable doubt. *People v Stokes*, 312 Mich App 181, 198; 877 NW2d 752 (2015), appeal held in abeyance ___ Mich ___ (2016); *People v Terrell*, 312 Mich App 450, 464; ___ NW2d ___ (2015), appeal held in abeyance ___ Mich ___ (2016). This Court has also held that in order to determine whether the error was harmless, a *Crosby* remand is appropriate, even in the absence of evidence that judicial fact-finding increased the minimum sentence, if the trial court's use of the sentencing guidelines was mandatory at the time of sentencing. *Terrell*, 312 Mich App at 466-467. Notably, in *Terrell*, 312 Mich App at 464, this Court explained:

> In *Stokes*, this Court concluded that where judicially-found facts increased the minimum sentence guidelines range, the proper remedy was to remand for the *Crosby* procedure to be followed to determine whether the error was harmless. In this case, however, any judicial fact-finding did not increase the minimum sentence guidelines because the jury verdict supported a score placing defendant at OV Level . . . Nonetheless, we adopt the remedy crafted in *Stokes* as the appropriate remedy here, because regardless of the fact that judicial fact-finding did *not* increase defendant's minimum sentence guidelines range, the trial court's compulsory use of the guidelines was erroneous in light of *Lockridge* . . . Therefore, we conclude that a remand to engage in the *Crosby* procedure is necessary to determine whether the error resulting from the compulsory use of the guidelines was harmless. As discussed in *Stokes*, our Supreme Court's agreement with the remand analysis in *Crosby* indicates that the *Crosby* procedure would apply to both preserved and unpreserved errors. [Footnotes omitted.]

### III. APPLICATION TO DEFENDANT'S CASES

## A. LC NO. 09-019855-FC

In LC No. 09-019855-FC, defendant argues, and plaintiff concedes, that the jury's verdict does not establish the factual bases for the scoring of OVs 3, 4, and 10. OV 3 addresses physical injury to a victim, MCL 777.33, and a score of 10 points is appropriate if "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). OV 4 addresses psychological injury to a victim, MCL 777.34(1), and requires a 10-point score if a "serious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). The jury's verdict does not establish the factual basis for the scoring of OVs 3 and 4 because it does not require a finding of a physical or psychological injury to a victim. Lastly, OV 10 addresses exploitation of a vulnerable victim and requires a 15-point score if "[p]redatory conduct was involved." MCL 777.40(1)(a). The jury's verdict also does not establish the factual basis for the scoring of OV 10, because the jury was not required to find that defendant engaged in predatory behavior. Accordingly, the trial court's scores for OVs 3, 4, and 10 are not based on facts necessarily found by the jury or admitted by defendant.

The scores for these OVs affect defendant's placement in the particular cell of the sentencing grid under which he was sentenced. The trial court scored the guidelines for defendant's conviction of kidnapping, which is a class A offense. MCL 777.16q. Defendant received a total OV score of 60 points, which combined with his 100 prior record variable points, placed him in the F-IV cell of the applicable sentencing grid, for which the minimum sentence range is 171 to 570 months for a fourth-offense habitual offender. MCL 777.62; MCL 777.21(3)(c). The scores for OVs 3, 4, and 10 increased defendant's total OV score from 25 points to 60 points, which in turn changed his placement from OV Level II (20 - 39 points) to OV Level IV (60 - 79 points), resulting in a higher guidelines range. Because defendant was sentenced before our Supreme Court's decision in *Lockridge*, and his placement in OV Level IV cannot be sustained on the basis of facts admitted by defendant or necessarily found by the jury, remand is warranted to determine if the sentencing error is harmless, in accordance with the *Crosby* remand procedure adopted in *Lockridge*. See *Stokes*, 312 Mich App at 198.

## B. LC NO. 09-019858-FC

In LC No. 09-019858-FC, defendant challenges the trial court's scoring of OVs 3, 4, 7, and 10. The jury's verdict does not establish the factual bases for the scoring of 10 points each for OVs 3 and 4, because the jury was not required to find a physical or psychological injury to a victim. On the date of the crimes in this case, OV 7 required a score of 50 points if "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense[.]" MCL 777.37(1)(a). The jury's verdict also does not establish the factual basis for the scoring of OV 7, because the jury was not required to find that the victim suffered aggravated physical abuse. Lastly, the jury's verdict does not establish the factual basis for the 15-point score for OV 10, because the jury was not required to find that defendant engaged in predatory behavior. Therefore, the trial court's scores for OVs 3, 4, 7, and 10 are not based on facts necessarily found by the jury or admitted by defendant.

Contrary to what the parties assert, the scores for these OVs do not affect defendant's placement in the particular cell of the sentencing grid under which he was sentenced. The trial

court scored the guidelines for defendant's conviction of first-degree CSC, which is a class A offense. MCL 777.16y. Defendant received a total OV score of 211 points, which combined with his 110 prior record variable points, placed him in the F-VI cell of the applicable sentencing grid, for which the minimum sentence range is 270 to 900 months for a fourth-offense habitual offender. MCL 777.62; MCL 777.21(3)(c). The scores for OVs 3, 4, 7, and 10 increased defendant's total OV score from 126 points to 211 points, which did not affect his placement in OV Level VI (100+ points), and thus did not result in a higher guidelines range. Nevertheless, because the guidelines were mandatory when the trial court sentenced defendant, remand is appropriate to determine whether the error resulting from the compulsory use of the guidelines was harmless. See *Terrell*, 312 Mich App at 466-467.

### C. LC NO. 09-019866-FC

For the same reasons discussed above, the trial court engaged in improper judicial fact-finding in LC No. 09-019866-FC when it assessed 10 points each for OVs 3 and 4, 50 points for OV 7, and 15 points for OV 10. Those scores were not based on facts necessarily found by the jury or admitted by defendant. However, the scores for these OVs do not affect defendant's placement in the particular cell of the sentencing grid under which he was sentenced. The trial court scored the guidelines for defendant's conviction of first-degree CSC, which is a class A offense. MCL 777.16y. Defendant received a total OV score of 220 points, which combined with his 110 prior record variable points, placed him in the F-VI cell of the applicable sentencing grid, for which the minimum sentence range is 270 to 900 months for a fourth-offense habitual offender. MCL 777.62; MCL 777.21(3)(c). The scores for OVs 3, 4, 7, and 10 increased defendant's total OV score from 135 points to 220 points, but did not change his placement in OV Level VI (100+ points). However, because the guidelines were mandatory when the trial court sentenced defendant, remand is appropriate to determine whether the error resulting from the compulsory use of the guidelines was harmless. See *Terrell*, 312 Mich App at 466-467.

### D. LC NO. 09-020264-FC

In LC No. 09-020264-FC, defendant challenges the trial court's scoring of 10 points each for OVs 3, 4, 9, and 10, and 50 points for OV 7. For the same reasons discussed above, the trial court's scores for OVs 3, 4, and 7 are not based on facts necessarily found by the jury or admitted by defendant. Further, OV 9 addresses the number of victims and requires that 10 points be assessed if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death." MCL 777.39(1)(c). Because the elements of the charged offenses did not require the jury to determine the number of victims, the trial court's score for OV 9 is not based on facts necessarily found by the jury. Lastly, a trial court properly scores 10 points for OV 10 when "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). Because the jury's verdict did not require a finding that defendant engaged in the defined exploitative behavior, it does not establish the factual basis for the scoring of OV 10. Consequently, the trial court's scores for OVs 3, 4, 7, 9, and 10 are not based on facts necessarily found by the jury or admitted by defendant. Although defendant acknowledges that the OV in this case do not affect his placement in the particular cell of the sentencing grid under which he was sentenced, as previously discussed, remand is appropriate to determine whether the court's compulsory use of the guidelines was harmless. See *Terrell*, 312 Mich App at 466-467.

-6-

## E.  LC NO. 10-000980-FC

Lastly, in LC No. 10-000980-FC, defendant challenges the trial court's scoring of 10 points each for OVs 3, 4, 9, and 10, 50 points for OV 7, and 15 points for OV 19.  Again, for the reasons discussed earlier, the jury's verdict does not establish the factual bases for the scoring of OVs 3, 4, 7, 9, and 10.  Further, OV 19 addresses interference with the administration of justice. The trial court must score 15 points if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services."  MCL 777.49(b).  Because the elements of the offenses do not require the jury to find whether defendant interfered with the administration of justice, the jury's verdict does not establish the factual basis for the scoring of OV 19.  Accordingly, the trial court's scores for OVs 3, 4, 7, 9, 10, and 19 are not based on facts necessarily found by the jury or admitted by defendant.

Contrary to what the parties assert, these OVs do not affect defendant's placement in the particular cell of the sentencing grid under which he was sentenced.  The trial court scored the guidelines for defendant's conviction of kidnapping, a class A offense.  MCL 777.16q. Defendant received a total OV score of 220 points, which combined with his 110 prior record variable points, placed him in the F-VI cell of the applicable sentencing grid, for which the minimum sentence range is 270 to 900 months for a fourth-offense habitual offender.  MCL 777.62; MCL 777.21(3)(c).  The scores for OVs 3, 4, 7, 9, 10, and 19 increased defendant's total OV score from 115 points to 220 points, but did not change his placement in OV Level VI (100+ points).  Again, however, remand is appropriate to determine whether the error resulting from the trial court's compulsory use of the guidelines was harmless.  See *Terrell*, 312 Mich App at 466-467.

## IV.  *CROSBY* REMAND

On remand, the trial court should determine whether it would have imposed a materially different sentence but for the unconstitutional constraint on its discretion because of the mandatory application of the guidelines at the time of defendant's resentencing.  *Lockridge*, 498 Mich at 397.  The trial court shall follow the procedure described in *Lockridge*.  Defendant must be given the option of promptly notifying the trial judge that resentencing will not be sought.  If notification is not received in a timely manner, the trial court shall continue with the proceeding. If the trial court determines that it would have imposed the same sentences absent the unconstitutional constraint on its discretion, it may reaffirm the original sentences.  If, however, the court determines that it would not have imposed the same sentences absent the unconstitutional constraint on its discretion, it shall resentence defendant.  *Id.* at 396-399.

Remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause